IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ERIC ANDRÉ and CLAYTON ENGLISH,<br><br>    Plaintiffs,<br><br>v.<br><br>CLAYTON COUNTY, GEORGIA; KEVIN ROBERTS, in his official capacity as Chief of the Clayton County Police Department; AIMEE BRANHAM, individually and in her official capacity as a police officer of the Clayton County Police Department; MICHAEL HOOKS, individually and in his official capacity as an investigator of the Clayton County District Attorney; TONY GRIFFIN, individually and in his official capacity as a police officer of the Clayton County Police Department; KAYIN CAMPBELL, individually and in his official capacity as a police officer of the Clayton County Police Department; and CAMERON SMITH, individually and in his official capacity as a police sergeant of the Clayton County Police Department.<br><br>    Defendants. | Civil Action No. 1:22-cv-04065-MHC |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO STAY ALL DISCOVERY**

## TABLE OF CONTENTS

**Page**

INTRODUCTION ....................................................................................................1

ARGUMENT ..........................................................................................................2

I.    A Stay on All Discovery is Unnecessary Under the Local Rules ..................2

II.    The Initial Procedures Should Not be Stayed.................................................3

    A.    The Local Rules Require the Initial Procedures .................................4

    B.    The Initial Procedures are Not Burdensome and a Stay Will Prejudice Plaintiffs ...........................................................................4

    C.    This Court Has Denied Similar Motions to Stay Under its Broad Discretion.................................................................................5

CONCLUSION .......................................................................................................6

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Jenkins v. Prime Ins. Co.*,
   No. 1:20-CV-01263-JPB, 2020 WL 6106626 (N.D. Ga. Apr. 21,
   2020) ...........................................................................................................3

*Noell v. Clayton Cnty.*,
   No. 1:15-CV-2404-AT, 2016 WL 11794207 (N.D. Ga. Sept. 21,
   2016) ........................................................................................................2, 6

*Williams v. Powell*,
   No. 1:20-CV-4012-MHC, 2021 WL 1245367 (N.D. Ga. Mar. 10,
   2021) (J. Cohen) ......................................................................................5, 6

**OTHER AUTHORITIES**

Fourth Amendment ...................................................................................................2

Federal Rule of Civil Procedure 26(e) .....................................................................4

Local Rule 16.1 ................................................................................................2, 3, 5

Local Rule 16.2 .....................................................................................................3, 5

Local Rule 26.1 .........................................................................................................3

Local Rule 26.2(A) ................................................................................................1, 3

Local Rule 26.2, Appendix  .....................................................................................5

Federal Rule of Civil Procedure 26(a)(1) .............................................................1, 4

Federal Rule of Civil Procedure 26(f) ..................................................................1, 6

## INTRODUCTION

Defendants Clayton County, Clayton County Police Chief Kevin Roberts, Aimee Branham, Michael Hooks, Tony Griffin, Kayin Campbell, and Cameron Smith (collectively, "Defendants"), have moved this Court (ECF No. 26) for an "an order staying all discovery in this action, including disclosures and planning conferences," pending a ruling on their motion to dismiss (ECF No. 25).

Plaintiffs Eric André and Clayton English (collectively, "Plaintiffs") oppose Defendants' request because under Local Rule 26.2(A), discovery has not commenced in this action as none of the Defendants has answered. Therefore, Defendants' request to stay all discovery is not ripe. As for Defendants' request to stay the Rule 26(f) early planning conference (the "Conference"), the Rule 26(f) joint preliminary report and discovery plan (the "Joint Report,"), and the Rule 26(a)(1) initial disclosures (the "Disclosures") (collectively, the "Initial Procedures"), Plaintiffs oppose the request because the Northern District of Georgia Local Rules provide for these Initial Procedures to ensure that discovery is prepared to move forward promptly upon resolution of any motion to dismiss. The Initial Procedures are not burdensome for the parties, but it will prejudice the Plaintiffs if the Initial Procedures are delayed because up to a quarter of the presumptive four-month discovery track could be lost to simply completing the Initial Procedures.

The Plaintiffs allege a long-standing unconstitutional drug interdiction program that relies on racial profiling and coercive stops in airport jet bridges. *See* First Amended Complaint ("FAC") (ECF No. 24). Judge Totenberg in this District found that a passenger stated a claim for Fourth Amendment violations after she was stopped in 2014 pursuant to the same jet bridge interdiction program at Atlanta's Hartsfield-Jackson International Airport. *Noell v. Clayton Cnty.*, No. 1:15-CV-2404-AT, 2016 WL 11794207, at *1, 6 (N.D. Ga. Sept. 21, 2016). The FAC alleges ongoing unconstitutional stops in at least 2017 through 2021. *See* FAC ¶¶ 5, 23, 47, 97. Given the ongoing constitutional violations affecting travelers, a delay in the timing of the Initial Procedures will prejudice Plaintiffs in their efforts to learn the scope and effects of the interdiction program. The Conference also requires the parties to discuss the possibility of early resolution. *See* Local Rule 16.1. Plaintiffs respectfully request this Court use its discretion in managing its docket to deny the Motion to Stay and order that the parties complete the required Initial Procedures within 30 days of the Court's ruling on the motion.

## ARGUMENT

### I.    A Stay on All Discovery is Unnecessary Under the Local Rules.

As an initial matter, the Defendants' requested "order staying all discovery in this action" (Mot. 1) is unnecessary because discovery does not commence until

"thirty days after the appearance of the first defendant by answer to the complaint." Local Rule 26.2(A); *see also Jenkins v. Prime Ins. Co.*, No. 1:20-CV-01263-JPB, 2020 WL 6106626, at *1 (N.D. Ga. Apr. 21, 2020) ("[T]his Court notes that discovery does not open until thirty days after the first defendant answers. Discovery is not triggered by the filing of a motion …").

Here, none of the Defendants has filed an answer so discovery has not been triggered. Defendants' case law citations (Mot. 2-4) relating to discovery are inapposite. Because there is no discovery to be stayed, Defendants' motion should be denied as not ripe to the extent it seeks a stay of all discovery.

**II.    The Initial Procedures Should Not be Stayed.**

While Defendants' motion to dismiss does not trigger the start of formal discovery, the motion does trigger the deadlines for the Initial Procedures. *See* Local Rule 16.1 (the Conference must be held within sixteen days after the appearance of a defendant by answer or motion); Local Rule 16.2 (the Joint Report must be filed within thirty days after the appearance of the first defendant by answer or motion); Local Rule 26.1 (parties must make Disclosures required by Fed. R. Civ. P. 26(a)(1) within thirty days after the appearance of a defendant by answer or motion).

### A. The Local Rules Require the Initial Procedures.

The Local Rules provide an efficient approach—requiring only the Conference, Joint Report, and Disclosures—that does not burden the Defendants. The Rules' efficient approach serves the interests of all parties because it allows for an exchange of information so that the parties can better plan for the start of formal discovery once Defendants' motion to dismiss is denied, while protecting Defendants from having to respond to discovery requests until the case is evaluated as pled. Had the Judges in this District intended for all Initial Procedures to be automatically stayed when a motion to dismiss is filed, they could have said so. Instead, the Local Rules provide an approach that allows for limited initial development of a case, including a required early settlement dicsussion, while protecting the parties.

### B. The Initial Procedures are Not Burdensome and a Stay Will Prejudice Plaintiffs.

The limited initial deadlines are not burdensome. Federal Rule of Civil Procedure 26(a)(1) does not require Defendants to produce documents (other than certain insurance policies), requiring only a "description by category and location" of relevant documents. And supplementation is always available under Federal Rule of Civil Procedure 26(e). The required Conference and Joint Report similarly are not burdensome, requiring an in-person conference in an effort to settle the case, discuss

4

discovery, and limit issues, and then the completion of the Joint Report form. *See* Local Rules 16.1 and 16.2.

Plaintiffs' civil rights action is presumptively on a four-month discovery track under Local Rule 26.2, Appendix F. The Conference and Joint Report will allow the parties to discuss the case and their positions and to promptly prepare for discovery if the motion to dismiss is denied. If Plaintiffs are forced to start the clock on the day the motion to dismiss is denied, a quarter of the available discovery track could be lost to the Conference and Joint Report process, and Plainitffs would have to conduct discovery without the benefit of the required Disclosures. This loss of discovery time is inefficient and would prejudice Plaintiffs in their efforts to learn the scope and effects of the alleged years-long unconstitutional interdiction program.

### C. This Court Has Denied Similar Motions to Stay Under its Broad Discretion.

Plainitffs note that motions to stay the Initial Procedures are not automatically granted, and this Court has denied a similar motion to stay Initial Procedures, citing its "broad discretion to manage its own docket," including "broad discretion to stay discovery pending decision on a dispositive motion." *Williams v. Powell*, No. 1:20-CV-4012-MHC, 2021 WL 1245367, at *1 (N.D. Ga. Mar. 10, 2021) (J. Cohen) (citing *Panola v. Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985) and Local Rule 26.2(B)). In *Williams*, the defendants had not moved to

5

dismiss every part of every claim, and this Court found that no judicial efficiency would be achieved by granting the stay. *Id*.

While Defendants argue they have moved to dismiss the entire FAC, this Court's ruling in *Williams* did not establish a rule that motions to stay can be denied only where certain claims are unchallenged. Instead, the Court relied on its broad discretion and focused on judicial efficiency. Here, Plaintiffs vigorously oppose the Defendants' motion to dismiss, especially given Judge Totenberg found the same interdiction practices supported a claim for constituional violations nearly seven years ago. *Noell*, 2016 WL 11794207, at *6. Given the history of the interdiction practices in this District, Plaintiffs' claims are likely to move forward. It will prejudice Plaintiffs and impinge on judicial efficiency and timely discovery if the parties do not even discuss the case until after this Court has denied the motion to dismiss.

## CONCLUSION

Plaintiffs respectfully submit the Court should allow the Rule 26(f) Conference, Joint Report, and Disclosures as the Local Rules prescribe, and deny the Defendants' Motion to Stay. Plaintiffs request that in denying the motion, the Court direct that the parties complete the Rule 26(f) Conference and Joint Report,

and make Disclosures, within 30 days of the Court's order denying the Motion to Stay.

Respectfully submitted this 14th day of February, 2023.

*/s/ Richard H. Deane, Jr.*
Richard H. Deane, Jr.
  (Georgia Bar No. 214875)
Peter C. Canfield
  (Georgia Bar No. 107748)
Rebecca M. Nocharli
  (Georgia Bar No. 633621)
**JONES DAY**
1221 Peachtree St. N.E., Suite 400
Atlanta, Georgia 30361
Telephone: (404) 521-3939
Facsimile: (404) 581-8330
rhdeane@jonesday.com
pcanfield@jonesday.com
rnocharli@jonesday.com

Allegra J. Lawrence
  (Georgia Bar No. 439797)
Rodney J. Ganske
  (Georgia Bar No. 283819)
**LAWRENCE & BUNDY LLC**
1180 West Peachtree St., NW, Ste 1650
Atlanta, Georgia 30309
Telephone: (404) 400-3350
Facsimile: (404) 609-2504
allegra.lawrence-hardy@lawrencebundy.com
rod.ganske@lawrencebundy.com

Barry Friedman*
Farhang Heydari*
Annie Hudson-Price*

7

Paul Meyer*
**POLICING PROJECT**
**AT NYU SCHOOL OF LAW**
Washington Square Legal Services, Inc.
40 Washington Square South, Ste 302
New York, NY 10012
Telephone: (212) 992-6950
barry.friedman@nyu.edu
farhang.heydari@nyu.edu
annie.hudsonprice@nyu.edu
paul.meyer@nyu.edu
*\* Admitted Pro Hac Vice*

***Counsel for Plaintiffs***

## LOCAL RULE 5.1 CERTIFICATION

I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1C of the Northern District of Georgia, using 14-point Times New Roman font, as approved by the Court.

Dated: February 14, 2023                    Respectfully submitted,

                                                                 */s/ Richard H. Deane, Jr.*
                                                                 Richard H. Deane, Jr.

                                                                 *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

This is to certify that on February 14, 2023, I have caused a copy of the foregoing to be electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

Respectfully submitted,

*/s/ Richard H. Deane, Jr.*
Richard H. Deane, Jr.

*Counsel for Plaintiffs*