## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| ERIC ANDRE and CLAYTON ENGLISH,<br><br>Plaintiffs,<br><br>v.<br><br>CLAYTON COUNTY, GEORGIA, KEVIN ROBERTS, in his official capacity as Chief of the Clayton County Police Department; AIMEE BRANHAM, individually and in her official capacity as a police officer of the Clayton County Police Department; MICHAEL HOOKS, individually and in his official capacity as an investigator of the Clayton County District Attorney; TONY GRIFFIN, individually and in his official capacity as a police officer of the Clayton County Police Department; KAYIN CAMPBELL, individually and in his official capacity as a police officer of the Clayton County Police Department; and CAMERON SMITH, individually and in his official capacity as a police sergeant of the Clayton County Police Department,<br><br>Defendants. | CIVIL ACTION FILE<br><br>NO. 1:22-CV-4065-MHC |

## **ORDER**

Defendants have filed a Motion to Stay All Discovery [Doc. 26] pending a final ruling of Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint [Doc. 25]. Plaintiffs oppose the motion, pointing out that discovery will not commence until an answer is filed and that there is no need to stay the Rule 26(f) early planning conference (although a major purpose of which is to consult on a discovery plan), the filing of the Joint Preliminary Report and Discovery Plan under Local Rule 16.2, or the Initial Disclosures required under Rules 26(a)(1) of the Federal Rules of Civil Procedure and Local Rule 26.1 of this Court. Pls.' Resp. in Opp'n to Defs.' Mot. to Stay All Discovery [Doc. 30].

This Court has broad discretion to stay discovery and other pretrial deadlines until it rules on a pending dispositive motion. Horsley v. Feldt, 304 F.3d 1125, 1131 n.2 (11th Cir. 2002). There is no current need to stay general discovery in this case because, to date, no defendant has filed an answer, and there is no need to file an answer unless and until the Court denies Defendants' Motion to Dismiss. See FED. R. CIV. P. 12(a)(4)(A) (providing that a responsive pleading must be served within fourteen days after the court denied a Rule 12(b) motion); LR 26.2(A), NDGa ("The discovery period shall commence thirty days after the appearance of the first defendant by answer to the complaint[.]"). With respect to

2

the other procedural deadline, the Court has considered the arguments of both parties and finds that a stay of such deadlines is appropriate.

Accordingly, it is hereby **ORDERED** that Defendants' Motion to Stay All Discovery [Doc. 26] is **GRANTED IN PART and DENIED IN PART AS MOOT**. The motion is **GRANTED** as to the parties' obligations to comply with the deadlines for conducting a Rule 26(f) conference, serving initial disclosures, and filing a joint preliminary report and discovery plan, pending this Court's ruling on Defendants' Motion to Dismiss. The motion is **DENIED AS MOOT** with respect to general discovery, which will not commence until after an answer has been filed.

**IT IS SO ORDERED** this 9th day of March, 2023.

_____
MARK H. COHEN
United States District Judge

3