# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| ERIC ANDRÉ AND CLAYTON ENGLISH,<br><br>Plaintiffs,<br><br>v.<br><br>CLAYTON COUNTY, GEORGIA,<br><br>Defendant. | CIVIL ACTION NO.<br>1:22-CV-04065-MHC |

**STIPULATION AND [PROPOSED] ORDER REGARDING**
**CONFIDENTIALITY OF DISCOVERY MATERIALS**

In order to protect confidential information obtained from or disclosed in connection with the above-captioned matter (the "Litigation"), pursuant to the Court's authority under Federal Rule of Civil Procedure 26(c), Federal Rule of Evidence 502, and the Court's policies and procedures, and for good cause shown, the Court enters the following Agreed Protective and Confidentiality Order ("Confidentiality Order"):

**PURPOSES AND SCOPE**

1. Disclosure and discovery activity in this Litigation are likely to involve production of confidential information, including private information involving individuals and personally identifiable information for which special protection from public disclosure is warranted under governing legal principles.

2. Protection of such sensitive information is necessary so that such information cannot be used for any purpose other than prosecuting or defending this Litigation. The unrestricted disclosure of such information would cause undue damage to the disclosing party. Accordingly, the Court hereby enters the following Confidentiality Order. The Confidentiality Order does not confer blanket protections on all disclosures or responses to discovery, and the protections outlined herein extend only to the information or items that are entitled to treatment as confidential under applicable law and legal principles. The Court is not bound by the terms of the Confidentiality Order, and the Court may alter the terms of the Confidentiality Order *sua sponte*.

3. The terms of the Confidentiality Order shall govern: all materials produced in response to any discovery request in the Litigation (including, but not limited to, documents, deposition transcripts, interrogatory responses, and responses to requests for admission), to any party or non-party subpoena, or to a request pursuant to the Georgia Open Records Act (O.C.G.A. § 50-18-70); all information contained in those materials; and all copies, excerpts, or summaries of those materials (collectively, "Discovery Materials").

## DESIGNATING CONFIDENTIAL MATERIAL

4. Any party or non-party may designate as confidential (by stamping the relevant page "Confidential" or as otherwise set forth herein) any Discovery Materials which that party or non-party ("Disclosing Party") considers in good faith are confidential because they include any of the following: (a) individual personally identifiable information that is protected from disclosure under state or federal law (including, but not limited to, identifying personal financial information); (b) sensitive nonpublic personal or financial information; or (c) information that the Disclosing Party has a duty to a third party or to a court to maintain as confidential (collectively, "Confidential Information"). The parties respectfully submit that good cause exists to protect these narrow categories of Confidential Information as confidential.

5. The Disclosing Party may designate information disclosed by it in responses to written discovery, or during a deposition, as "Confidential" by so indicating in said responses or by so indicating on the record at a deposition and requesting the preparation of a separate transcript of such material. Additionally, the Disclosing Party may designate in writing, within 28 days after service of said responses or receipt of the deposition transcript for which the designation is proposed, that specific responses or specific pages of the transcript be treated as

Confidential Information. Any other party may object to a "Confidential" designation in writing or on the record.

6. A party's or non-party's inadvertent failure to timely designate any Discovery Materials as Confidential Information does not waive that party's right to secure protection under this Confidentiality Order for such material. At any time, the Disclosing Party may designate Discovery Materials as Confidential Information by providing written notice to the receiving party. Upon receiving notification of the designation, the receiving party must make reasonable efforts to assure that the Confidential Information is treated in accordance with the provisions of this Confidentiality Order going forward.

7. A party's or non-party's failure to designate Discovery Materials as Confidential Information does not constitute forfeiture of a claim of confidentiality as to any other Discovery Materials.

**NONDISCLOSURE OF CONFIDENTIAL INFORMATION**

8. Except with the prior written consent of the Disclosing Party, or as otherwise permitted pursuant to this Confidentiality Order, Discovery Materials designated as Confidential Information shall only be used for the purpose of this Litigation, including any related appellate proceedings, and not for any other present

or future disputes, proceedings or litigation, or any other business, commercial, competitive, personal, private, public, or other purpose whatsoever.

## PERMISSIBLE DISCLOSURES

9. Discovery Materials designated as Confidential Information in accordance with the terms of this Confidentiality Order shall not be disclosed to any person other than the following, and only to the extent necessary in connection with this Litigation:

a. Counsel for the parties to this Litigation, and their associated attorneys, paralegals, and other professional personnel;

b. Persons or entities that provide litigation support services (e.g., photocopying; videotaping; preparing exhibits or demonstrations; organizing; storing; retrieving data in any form or medium; etc.) and their employees and subcontractors, provided they are assisting with this Litigation and have been advised by such counsel of their obligations hereunder;

c. All parties to this Litigation, including any employee of a party, to the extent deemed necessary by counsel for the prosecution or defense of this Litigation, provided that the Confidential Information and any copies or notes concerning the Confidential

Information ***shall not*** be presumed to be a public record under the Georgia Open Records Act and shall, instead, be presumed exempt from disclosure under O.C.G.A. § 50-18-72 or any other applicable exemption;

d. Outside consultants or expert witnesses retained or consulted in connection with this Litigation, provided that each such person shall execute a copy of the certification annexed to this Confidentiality Order as Exhibit A before being shown or given any Confidential Information;

e. Other witnesses who may testify at a deposition, hearing, or at trial, provided that such witnesses shall execute a copy of the certification annexed to this Confidentiality Order as Exhibit A before being shown or given any Confidential Information;

f. An officer before whom a deposition is taken, including a stenographer, videographer, and any necessary secretarial, clerical, or other personnel of such officer;

g. The original authors or recipients of the Confidential Information;

h. The Court (including appellate courts), court personnel, and court reporters (who shall have no obligation to execute the certification annexed to this Confidentiality Order as Exhibit A); and

i. Any other person provided that (i) the Disclosing Party has consented in writing to disclosure to such other person(s), and (ii) such person(s) shall execute a copy of the certification annexed to this Confidentiality Order as Exhibit A before being shown or given any Confidential Information.

## RESOLVING DISPUTED CLASSIFICATIONS

10. Should a party wish to object to a "Confidential" designation of any Discovery Materials (the "Objecting Party"), the Objecting Party shall notify the Disclosing Party in writing regarding the basis for the dispute ("Designation Objection"). In its Designation Objection, the Objecting Party shall identify the specific Discovery Materials as to which the designation is disputed (e.g., by document bates numbers, deposition transcript page and line reference, or other means sufficient to locate such materials).

a. Within 15 days of receiving the Designation Objection, the Disclosing Party and the Objecting Party shall meet and confer

in good faith to attempt to resolve the dispute without involvement of the Court.

b. If no resolution is reached, this Confidentiality Order shall be without prejudice to the right of the parties to (i) bring before the Court a discovery motion on the question of whether any particular document or information is confidential or whether its use should be restricted, or (ii) present a motion to the Court under Fed. R. Civ. P. 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. The burden is on the Disclosing Party to demonstrate that any document or information constitutes Confidential Information. Pending a ruling by the Court, the disputed designation shall continue to be treated as Confidential Information under the terms of this Confidentiality Order. The Confidentiality Order shall not be deemed to prejudice the parties in any way in any future application for modification of the Confidentiality Order.

**SUBPOENA BY OTHER COURTS OR AGENCIES AND FOIA REQUESTS**

11. If at any time any Confidential Information is subpoenaed by a court, administrative or legislative body, or by any other person or entity purporting to have authority to require the production of such information, or if any Confidential Information is the subject of a request pursuant to the Georgia Open Records Act, the person to whom the subpoena or request is directed shall give written notice thereof to the Disclosing Party within three (3) business days. After receipt of the notice specified under this paragraph, the person seeking to maintain confidentiality shall have the sole responsibility for obtaining any order it believes necessary to prevent disclosure of the Confidential Information that has been subpoenaed or requested. If the person seeking to maintain confidentiality does not move for a protective order or other legal intervention within the time allowed for production by the subpoena or request (or within such time as a court may direct or as may be agreed upon between the designating person and the subpoenaing/requesting party) and give written notice of such action to the subpoenaing/requesting party and the person to whom the subpoena/request is directed, the person to whom the subpoena or other request is directed may commence production in response thereto. The person to whom the subpoena/request is directed shall not produce any Confidential Information while a motion for protective order or other legal intervention brought

pursuant to this paragraph is pending, or while any appeal from or request for appellate review of such motion is pending, unless ordered by a court to do so.

## FILING DOCUMENTS UNDER SEAL

12. No party shall file Confidential Information in the public record without first redacting the Confidential Information in order to allow the Disclosing Party to move for any required order as set forth in ¶ 14 below.

13. A party contemplating a filing that includes Discovery Material designated as Confidential Information may consult with the Disclosing Party as to whether the designation can be removed for purposes of the contemplated filing. If the Disclosing Party agrees in writing that the Confidential Information designation can be removed for purposes of the contemplated filing, the Discovery Material may be filed in the public record.

14. Any documents (including briefs), tangible things or information designated as Confidential that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial may retain their protected confidential status only by order of the Court in accordance with the procedures outlined in Appendix H of the Local Rules of the Northern District of Georgia. Specifically, if a party seeks to use information designated as confidential under this protective order in filings before the Court, it is the burden of the

designating party to show "good cause" to the Court why the confidential information should be filed under seal.

**ACTIONS TO PROTECT AGAINST UNAUTHORIZED DISCLOSURE OF PERSONALLY IDENTIFIABLE INFORMATION**

15. In the event that the Court determines that there is an actual or threatened breach of this Confidentiality Order by a party who received Confidential Information that contains personally identifiable information (e.g., private contact information, personally identifiable financial information, etc.), the parties agree that the Disclosing Party would not have an adequate remedy at law regarding the unauthorized disclosure of such personally identifiable information and would be entitled to specific performance, and/or injunctive relief, to enforce the terms of this Confidentiality Order, in addition to any other remedy the Disclosing Party may be entitled at law or in equity.

**NON-TERMINATION**

16. All provisions of this Confidentiality Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this Litigation. Upon the conclusion of the Litigation, including any appeals, a party in the possession of Confidential Information, other than that which is contained in pleadings, correspondence, work product, and deposition transcripts, shall either (a) return such documents no later than 60 days after

conclusion of this action to counsel for the Disclosing Party, or (b) destroy such documents within 60 days, and certify in writing to the Disclosing Party that the documents have been destroyed. If any Confidential Information has been furnished under this Confidentiality Order to any expert or other third-party, counsel for the party furnishing the Confidential Information shall request in writing that all such Confidential Information, other than that which is contained in pleadings, correspondence, work product, and deposition transcripts, be returned to counsel or destroyed. Counsel for the party furnishing the Confidential Information to the third-party shall either (a) return such documents no later than 60 days after conclusion of this action to counsel for the Disclosing Party, or (b) destroy such documents within 60 days, and certify in writing to the Disclosing Party that the documents have been destroyed.

## MODIFICATION PERMITTED

17. Nothing in this Confidentiality Order shall prevent any party or other person from seeking modification of this Confidentiality Order.

## NO WAIVER OF OBJECTIONS

18. Nothing in this Confidentiality Order shall constitute a waiver of a party's right to object to any Discovery Materials on any grounds or to object to the admission in evidence of Discovery Materials at any motion hearing or trial.

Nothing in this Confidentiality Order shall be deemed to expand or limit the permissible scope of discovery in this Litigation.

## RESPONSIBILITY OF ATTORNEYS

19. The counsel for the parties are responsible for administering and keeping an executed copy of Exhibit A pursuant to ¶ 9 above.

## NO WAIVER

20. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent or unintentional disclosure of Discovery Materials protected by any privilege or work product protection pursuant to Federal Rule of Evidence 502 and any other applicable law, rule, or legal principle.

21. In accordance with Fed. R. Evid. 502(d) and Fed. R. Civ. Pro. 26(b)(5)(B), inadvertent production of documents or information subject to the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity does not waive the privilege or protection if the holder of the privilege or protection provides a notice of the claim of privilege or protection and requests for the return of such documents or information, in writing, promptly after it learns of the documents' inadvertent production ("Clawback Notice").

**BINDING IN THE INTERIM**

22. By their signatures below, counsel for the parties agree to be bound by the terms of this Confidentiality Order both before and after such Confidentiality Order is entered by the Court.

It is SO ORDERED.

__________________________________
HONORABLE MARK H. COHEN
UNITED STATES DISTRICT JUDGE

CONSENTED TO:

*/s/ Janine Cone Metcalf*
Richard H. Deane, Jr.
(Georgia Bar No. 214875)
rhdeane@jonesday.com
Janine Cone Metcalf
(Georgia Bar No. 503401)
jmetcalf@jonesday.com

**JONES DAY**
1221 Peachtree Street, N.E., Suite 400
Atlanta, GA 30361
Telephone: (404) 521-3939
Facsimile: (404) 581-8330

Peter C. Canfield
(Georgia Bar No. 107748)
pccanfield@gmail.com
**CANFIELD LAW LLC**
34 Inman Circle NE
Atlanta, GA 30309
Telephone: (678) 296-5413

*/s/ Xander D. Melnick*
Jack R. Hancock
(Georgia Bar No. 322450)
jhancock@fmglaw.com
A. Ali Sabzevari
(Georgia Bar No. 941527)
asabzevari@fmglaw.com
Xander D. Melnick
(Georgia Bar No. 556228)
xdmelnick@fmglaw.com
**FREEMAN MATHIS**
**& GARY, LLP**
661 Forest Parkway, Suite E
Forest Park, Georgia 30297
Telephone: (404) 366-1000
Facsimile: (404) 361-3223

***Counsel for Defendant***

Allegra J. Lawrence-Hardy
(Georgia Bar No. 439797)
lawrence@khlawfirm.com
Rodney J. Ganske
(Georgia Bar No. 283819)
ganske@khlawfirm.com
**KREVOLIN HORST, LLC**
1201 West Peachtree Street, NW
Atlanta, Georgia 30309
Telephone: (404) 400-3350

Barry Friedman (*Pro Hac Vice*)
barry.friedman@nyu.edu
Nancy Glass (*Pro Hac Vice*)
nancy.glass@nyu.edu
**THE POLICING PROJECT**
**AT NYU SCHOOL OF LAW**
Washington Square Legal Services,
Inc.
40 Washington Square South, Ste 302
New York, NY 10012
Telephone: (212) 992-6950

***Counsel for Plaintiffs***

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| ERIC ANDRÉ AND CLAYTON ENGLISH,<br><br>Plaintiffs,<br><br>v.<br><br>CLAYTON COUNTY, GEORGIA,<br><br>Defendant. | CIVIL ACTION NO.<br>1:22-CV-04065-MHC |

**UNDERTAKING REGARDING STIPULATION AND PROTECTIVE ORDER**

I, ______________________________, declare as follows:

1. I have received a copy of the Stipulation and Protective Order (the "Stipulation and Order") in the above-titled action (the "Action"), and I have read and understand its provisions.

2. I will comply with all of the provisions of the Stipulation and Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Stipulation and Order, and will not use for purposes other than for this Action any information designated "Confidential" that I receive in this Action, except as otherwise permitted under the Stipulation and Order.

3. For purposes of enforcing the Stipulation and Order, I consent to the jurisdiction of the United States District Court for the Northern District of Georgia.

Date: _________ By: ___________________________